UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
SEP 11 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

PETER ANDREW SCOTT, II,

Plaintiff,

v.

25-CV-846 (JLS)

ROCHESTER POLICE DEPARTMENT,

Defendant.

**DECISION AND ORDER**

*Pro se* Plaintiff Peter Andrew Scott, II, is a prisoner confined at the Monroe County Jail and has filed this action seeking relief under 42 U.S.C. § 1983. Dkt. 1. Scott alleges that his civil rights were violated and that he was slandered and defamed when criminal charges against him were shared on the news and social media by the Rochester Police Department. *Id.*

Scott seeks permission to proceed *in forma pauperis* ("IFP") and has filed the required authorization and prison certification. Dkts. 2, 10. Because Scott meets the requirements of 28 U.S.C. § 1915(a) and filed the required authorization, he is granted permission to proceed IFP. The Court therefore screens his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

For the reasons below, Scott's complaint is dismissed with leave to amend.

# DISCUSSION

## I. LEGAL STANDARDS

### A. Review Under the IFP Statutes

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2); *see* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal).

### B. Pleading Standards

In evaluating a complaint, the court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must contain sufficient factual allegations to nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see Komatsu v. Cubesmart, Daniels Norelli Cecere & Tavel PC*, No. 20-3676-CV, 2021 WL 6060603, at *1 (2d Cir. Dec. 20, 2021) (summary order) (to avoid *sua sponte* dismissal under the IFP statute, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face'" (quoting *Twombly*, 550 U.S. at 570)); *Scott Phillip Lewis v. R.L. Vallee, Inc., d.b.a. Maplefield's*, No. 24-1438, 2025 WL 1077412, at *1 (2d Cir. Apr. 10, 2025) (summary order) (same).

The Court's liberal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint fails to state a claim if it supplies only "labels and conclusions," *Twombly*, 550 U.S. at 555, "a formulaic recitation of the elements of a cause of action," *id.*, or "'naked assertions' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (alteration omitted) (quoting *Twombly*, 550 U.S. at 557). Although a court is "obligated to draw the most favorable inferences that [a plaintiff]'s complaint supports, [it] cannot invent factual allegations that he [or she] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

### C. Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff "must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under Section 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a Section 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann,* 983 F.3d 609, 618 (2d Cir. 2020). Rather, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Iqbal*, 556 U.S. at 676).

### D. Leave to Amend

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, unless it "can rule out any possibility, however

unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). But a court may deny leave to amend pleadings when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend.").

## II. ALLEGATIONS

A liberal reading of the complaint tells the following story. Between May 2011 and June 2012, Scott was charged with three counts of forcible touching that were later dismissed due to lack of evidence. Dkt. 1 at 5. Scott was "put on the news and social media as a perpetrator" of these crimes. *Id.* His mother is a witness to the events. *Id.* Scott struggles with antisocial behavior, PTSD, and anxiety, and he has been treated for these conditions in the past. *Id.*

Scott alleges that that his constitutional right to the "pursuit of happiness" and "right to privacy" were violated by the Rochester Police Department's conduct. *Id.* at 3. He also alleges that he was slandered and defamed. *Id.* at 5. He seeks money damages for pain and mental anguish, and states that he "still deal[s] with the backlash today." *Id.*

## III. ANALYSIS

### A. Statute of Limitations

The statute of limitations for a Section 1983 claim is three years. *See Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 108 (2d Cir. 2023) ("[I]n New York, the statute of limitations for Section 1983 claims is New York's general statute of limitations for personal injury actions, N.Y. C.P.L.R. § 214(5), which is three years."). Section 1983 claims accrue (that is, the statute of limitations begins to run) when the plaintiff "knew or had reason to know of the injury which is the basis of [his] action." *Onibokun v. Chandler*, 749 F. App'x 65, 66 (2d Cir. 2019) (summary order) (quoting *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994) (alterations omitted)).

While untimeliness is an affirmative defense, a district court can *sua sponte* dismiss untimely claims where the defense is apparent on the face of the complaint. *Wright v. Rensselaer Cnty. Jail*, 771 F. App'x 58, 59 (2d Cir. 2019) (summary order); *see Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

Here, the complaint states that the events giving rise to Scott's claim occurred between May 2011 and June 2012. Dkt. 1 at 5. Applying the relevant three-year statute of limitations to the latest date of these events, the time for Scott to bring Section 1983 claims expired in June 2015. His complaint was not filed until September 10, 2025—more than ten years after that date. Dkt. 1.

However, even if Scott's claims are untimely under the relevant statute of limitations, they may still be brought if they meet the standards for equitable or statutory tolling. "Equitable tolling is a doctrine that permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). A plaintiff is entitled to equitable tolling of the statute of limitations only if he establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016).

Federal courts are also required to borrow New York's rules for tolling the statute of limitations unless the rules are inconsistent with federal law. *See Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 487-491 (1980); *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990). New York has codified the circumstances under which a limitations period may be tolled. These include, among others, periods during which: (1) the commencement of an action has been stayed by court order or by statute, N.Y. CPLR § 204(a); (2) the defendant is outside New York when and after a claim accrues against him, *id.* § 207; and (3) the plaintiff is disabled by infancy or insanity when and after his claim accrues, *id.* § 208. *See Jewell*, 917 F.2d at 740 n.1.

The complaint does not plead any facts that might statutorily or equitably toll the statute of limitations. The pleading requirements "in the Federal Rules of Civil Procedure, however, do not compel a litigant to anticipate potential

affirmative defenses, such as the statute of limitations, and to affirmatively plead facts in avoidance of such defenses." *Abbas*, 480 F.3d at 640 (citing *Jones*, 549 U.S. 199).

Thus, Scott may file an amended complaint demonstrating why his Section 1983 claims are not barred by the statute of limitations. *See Merola v. Lowe*, 20-CV-0491, 2020 WL 4350205, at *2 (E.D.N.Y. July 29, 2020) (because "a statute of limitations generally may be extended under the doctrine of equitable tolling," *pro se* litigants should be provided notice and an opportunity to be heard "prior to dismissing . . . [a] complaint *sua sponte* as barred by the applicable statute of limitations" (emphasis omitted)); *see also Syfert v. City of Rome*, 6:17-cv-0578, 2017 WL 3405521, at *14 (N.D.N.Y. Aug. 7, 2017) (recommending dismissal of *pro se* plaintiff's claims as time-barred but with leave to amend), *report and recommendation adopted*, 2017 WL 5195230 (N.D.N.Y. Nov. 9, 2017).

Accordingly, Scott's claims are untimely filed and therefore dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim. Scott is granted leave to amend to allow him an opportunity to demonstrate that these claims are timely or that statutory or equitable tolling is appropriate.

**B. Municipal Liability**

In addition to the fact that these claims are time-barred, Scott has also brought suit against an entity that is not subject to suit. He has named the Rochester Police Department as the only defendant in this action. Under New York

law, "departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002). A police department is considered an administrative arm of the municipality and therefore "is not subject to suit under Section 1983." *Martinez v. Queens Cty. Dist. Atty.*, No. 12-CV-06262, 2014 WL 1011054, at *16 (E.D.N.Y. Mar. 17, 2014) (municipal police department), *aff'd*, 596 F. App'x 10 (2d Cir. 2015); *Sanchez-Martin v. Allegany Cnty. Jail*, No. 11-CV-0568M, 2012 WL 360014, at *2 (W.D.N.Y. Feb. 1, 2012) (county jails).

However, because Scott is proceeding *pro se,* the Court must liberally construe his Complaint as raising the strongest argument that it suggests. *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006). Thus, "the Court construes the complaint as being brought against the [City of Rochester itself]." *Sanchez-Martin,* 11-CV-568, 2012 WL 360014, at *2 (citing *Warren v. Westchester Cnty. Jail,* 106 F. Supp. 2d 559, 561 (S.D.N.Y. 2000)).

A municipality cannot be held liable under Section 1983 unless the challenged action was undertaken pursuant to a municipal policy or custom. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). To state such a claim, a plaintiff must plead three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)).

An official policy or custom can be established by showing:

> (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates.

*Dean v. Town of Hempstead*, 527 F. Supp. 3d 347, 453 (E.D.N.Y. 2021) (citing cases).

Scott does not contend that any of the alleged constitutional deprivations were caused by or occurred pursuant to an official custom or policy of the City of Rochester, and thus he has failed to state a Section 1983 claim against this defendant. Because Scott is *pro se*, he is granted leave to amend this claim to allege, if facts exist, that the constitutional violations were caused by a policy or custom of the City of Rochester. In an amended complaint, Scott may also assert claims against any individual officials or state actors who were personally involved in the alleged conduct in their individual capacity. *See Shook v. NYS Cent. Reg. of Child Abuse & Maltreatment*, No. 1:24-CV-1218 (AJB/PJE), 2025 WL 1718044, at *7 n.13 (N.D.N.Y. June 20, 2025) ("*Monell* does not apply to individuals who are sued in their individual capacity.") (citation modified), *report and recommendation adopted*, 2025 WL 2753667 (N.D.N.Y. Sept. 29, 2025).

### C. Failure to State a Claim

Even if Scott had plausibly alleged a basis for municipal liability and asserted timely claims, he has failed to demonstrate that a constitutional violation occurred. The Court interprets the complaint as having asserted claims under the

Fourteenth Amendment based on a violation of his right to privacy and a "stigma-plus" liberty violation. For the reasons that follow, the Court finds that Scott has failed to state a claim under either theory.

### 1. Right to Privacy Claim

The Supreme Court has recognized that there exists in the United States Constitution a right to privacy protecting "the individual interest in avoiding disclosure of personal matters." *Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994) (quoting *Whalen v. Roe*, 429 U.S. 589, 599 (1977)).[1] It is well-settled, however, that "any constitutional right to privacy does not extend to matters of public record." *Pelosi v. Spota*, 607 F. Supp. 2d 366, 373 (E.D.N.Y. 2009) (citing *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 494-95 (1975)) (stating that "even the prevailing law of invasion of privacy generally recognizes that the interests in privacy fade when the information involved already appears on the public record")); *Doe*, 15 F.3d at 268 ("Certainly, there is no question that an individual cannot expect to have a constitutionally protected privacy interest in matters of public record.").

Here, Scott alleges that his criminal charges were disclosed by the Rochester Police Department and disseminated through the news and social media. Dkt. 1 at

---

[1] The Supreme Court has expressed the opinion that the "right of privacy" is founded in the Fourteenth Amendment's concept of personal liberty. *Whalen*, 429 U.S. at 598 n.23; *see also Wagner v. Hyra*, 518 F. Supp. 3d 613, 639 (N.D.N.Y. 2021) ("Traditionally, the types of interests recognized under substantive due process includes rights of privacy, family and procreation—those rights that are so central to an individual's freedom that 'neither liberty nor justice would exist if [they] were sacrificed.") (citations omitted).

5. Scott fails to state a claim based on these limited facts. Arrest records are a matter of public record and disclosure of those records does not amount to a violation of privacy. *See Paul P. v. Verniero*, 170 F.3d 396, 403-04 (3d Cir. 1999) (ruling that "arrest records and related information are not protected by a right to privacy"); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996) (holding that "there is no constitutional right to privacy in one's criminal record" because "arrest and conviction information are matters of public record"); *Biccum v. City of Watertown, New York*, 7:16-CV-645, 2019 WL 4752927, at *5 (N.D.N.Y. Sept. 30, 2019) (disclosure of arrest report could not sustain a Section 1983 claim based on a right to privacy violation); *Swift v. Tweddell*, 582 F Supp. 2d 437, 447 (W.D.N.Y. 2008) (noting that disclosure of charged crime did not violate right to privacy).

Scott is granted leave to amend his complaint to allege facts, if they exist, to support a Fourteenth Amendment right to privacy claim.

**2. "Stigma Plus" Liberty Interest Claim**

Although Scott's complaint contains limited facts, it may be liberally construed to assert that he was deprived of his liberty without due process based upon a "stigma plus" violation. "'Stigma plus' refers to a claim brought for injury to one's reputation (the stigma) coupled with the deprivation of some 'tangible interest' or property right (the plus), without adequate process." *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003) (citations omitted).

"A stigma plus claim has three elements: (1) injury to reputation; (2) the deprivation of a tangible interest or property right; and (3) a lack of adequate

process." *Hurley v. Dep't of Educ. of City of New York*, 24-CV-1664, 2025 WL 2711471, at *13 (E.D.N.Y. Sept. 23, 2025). To establish a "stigma plus" claim, a plaintiff must show (1) "the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false," and (2) "a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." *Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010) (citing *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004)). This state-imposed alteration of status or burden must be "in addition to the stigmatizing statement." *Id.* Because "a free-standing defamatory statement is not a constitutional deprivation, but is instead properly viewed as a state tort of defamation, the "plus" imposed by the defendant must be a specific and adverse action clearly restricting the plaintiff's liberty—for example, the loss of employment or termination or alteration of some other legal right or status." *Velez v. Levy*, 401 F.3d 75, 87-88 (2d Cir. 2005) (citation modified).

Here, Scott has alleged only that a defamatory statement was made and he has "deal[t] with the backlash" as a result. Dkt. 1 at 5. He has not alleged the "plus" element of the claim, *i.e.*, that he suffered a specific, tangible adverse action or burden imposed by the state. *See Sadallah*, 383 F.3d at 38 ("deleterious effects [flowing] directly from a sullied reputation," standing alone, do not constitute a "plus" under the "stigma plus" doctrine") (alteration in original) (citation omitted)). Nor has Scott alleged that he did not receive adequate process prior to the imposition of any burden or deprivation.

Scott is granted leave to amend his complaint to allege facts, if they exist, to support a Fourteenth Amendment "stigma-plus" claim.

### D. State Law Claims

The complaint also appears to assert state law claims of slander and defamation. Dkt. 1 at 5. In light of the dismissal of Scott's federal claims, the Court declines to exercise supplemental jurisdiction over his potential state law claims at this time. *See* 28 U.S.C. 1367(c)(3) (providing that district court may decline to exercise supplemental jurisdiction where it has dismissed all claims over which it has original jurisdiction); *One Communs. Corp v. JP Morgan SBIC LLC*, 381 F. App'x 75, 82 (2d Cir. 2010) ("If all of a plaintiff's federal claims are dismissed, a district court is well within its discretion to decline to assert supplemental jurisdiction over any state law claims[.]"). Accordingly, the Court dismisses, without screening, any potential state law claims. These claims may be realleged in any amended complaint.

## CONCLUSION

Because Scott has met the statutory requirements of 28 U.S.C. § 1915(a) and filed the authorization, his request to proceed *in forma pauperis* is granted.

For the reasons set forth above, the complaint is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. Scott may file an amended complaint by **October 26, 2026,** in which he includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Scott is advised that an amended complaint **completely replaces** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, any amended complaint must include all allegations against each defendant so that the amended complaint stands alone as the only complaint in this action.

Scott is further advised that he has been granted leave to amend only those claims addressed above. A district court has the inherent authority to dismiss claims that exceed the scope of the court's order granting leave to amend. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) (collecting cases).

**ORDER**

IT HEREBY IS ORDERED that Scott's motion to proceed *in forma pauperis*, Dkt. 10, is granted; and it is further

ORDERED that Scott's complaint is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted; and it is further

ORDERED that Scott may file an amended complaint as directed above by no later than **October 26, 2026**; and it is further

ORDERED that the Clerk of Court shall send to Scott with this order a copy of the original complaint, a blank Section 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Scott does not file an amended complaint by the deadline set forth above, the claims dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted, will remain dismissed and the Clerk of Court shall close this case without further order; and it is further

ORDERED that in the event the complaint is dismissed because Scott has failed to file an amended complaint, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Scott must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated: September 11, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE